UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICK DORSEY | CIVIL ACTION |
| VERSUS | NO: 15-5988 |
| U.S. DEPARTMENT OF EDUCATION, ET AL. | SECTION: “J” (5) |

**ORDER AND REASONS**

Before the Court is a *Notice of Appeal from Bankruptcy Court* (**Rec. Doc. 1**) filed by Appellant Mick Dorsey (“Appellant”). Appellant filed an *Opening Brief* **(Rec. Doc. 12)** on February 25, 2016. Appellee Educational Credit Management Corp. (“ECMC”) filed its brief on April 27, **(Rec. Doc. 19)**, and Appellee the United States Department of Education (“the Department” or “DOE”) filed its brief on May 26, **(Rec. Doc. 20)**. Appellant subsequently filed a reply brief **(Rec. Doc. 21)**. Having considered the briefs, the parties’ submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the bankruptcy court’s decision should be **AFFIRMED**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Appellant filed a Chapter 7 no-asset voluntary petition on March 3, 2013 in the Eastern District of Louisiana. (Bankr. Case

No. 13-10831.) After determining that Appellant had no assets to distribute to creditors, the Bankruptcy Court granted a discharge on July 10, 2013. The Bankruptcy Court officially closed the case on October 18, 2013. On November 3, 2015, the Department filed a motion to reopen the case for the purpose of filing proof of claim of non-dischargeable student loan debt and interest. ECMC filed a similar motion on November 9, 2015. The Bankruptcy Court granted both motions. Appellant filed a motion to reconsider the orders reopening the case and allowing Appellees to file proofs of claim, which the court denied. Appellant subsequently initiated this appeal.

Before receiving a discharge in the original case, Appellant filed an adversary proceeding in the Eastern District of Louisiana on July 9, 2013, seeking an "undue hardship" discharge of his student loan debt. (Bankr. Case No. 13-1047). Appellant claimed a total and permanent disability ("TPD") based on an unspecified mental health issue. Appellant named as defendants Navient Solutions f/k/a SLM Corporation ("Sallie Mae" or "Navient"), United Student Aid Funds ("USA Funds"), and the Department. Appellee ECMC intervened in the case as the successor to Sallie Mae/Navient and USA Funds. ECMC filed an answer in the adversary proceeding on August 2, 2013. The Department's counsel filed a

motion to stay the case due to a government shutdown on October 10, 2013. The Court granted the motion and stayed the case for forty-five days. Appellant filed a motion for summary judgment on November 25. On the same day, the Court held a pretrial status conference and ordered Appellant to serve summons on the U.S. Attorney's Office. The Court also ordered Appellant to submit TPD applications "with the appropriate agencies" within sixty days and threatened dismissal as a sanction for failure to comply with the order. After Appellant repeatedly failed to comply, the Court held a show cause hearing. After Appellant failed to appear, the Court dismissed the adversary proceeding.

Appellant appealed the dismissal of his adversary case on May 20, 2014. (Case No. 14-1402.) The District Court reversed the dismissal and remanded the matter to the Bankruptcy Court. *Dorsey v. U.S. Dep't of Ed.*, 528 B.R. 137, 150 (E.D. La. 2015) (Morgan, J.). Plaintiff filed a Motion for Entry of Default on May 11, 2015 and a Motion for Default Judgment on July 16, 2015, requesting that the Court grant default judgment in his favor against Sallie Mae and USA Funds. The Bankruptcy Court set the motions for hearing on October 19, 2015. Appellant sought to appeal the Bankruptcy Court's scheduling order, as well as several other interlocutory orders, to this Court. (Case No. 15-2898). This Court denied his

Motion to Appeal on October 23, 2015. *Dorsey v. Navient Solutions, Inc.*, No. 15-2898, 2015 WL 6442572 (E.D. La. Oct. 23, 2015) (Barbier, J.).

After extensive motion practice in the Bankruptcy Court, the Court scheduled trial for December 10, 2015. Appellant failed to comply with the Court's discovery schedule and failed to appear at trial. Thus, the Court denied Appellant's request for an undue hardship discharge. The Bankruptcy Court entered a final judgment on December 16, 2015. Appellant did not appeal the final judgment. The Bankruptcy Court officially closed the case on March 17, 2016.

**PARTIES' ARGUMENTS**

In his opening brief, Appellant lists a total of thirteen issues facing the Court. According to Appellant, the issues are:

1. Whether "a reasonable person of the general public would agree that there is an appearance of impropriety, a showing of discretionary abuse, and/or impartiality" on the part of the Bankruptcy Court Judge, Elizabeth Magner;
2. Whether the Bankruptcy Court erred "by preventing the parties from first attempting to reconcile the matter prior to opening discovery and later refusing to allow . . . [Appellant's] motion to discuss the nature and basis of their claims and defenses . . .";
3. Whether the Bankruptcy Court erred "by not setting aside ruling with reason as to why Entry of Default/Default Judgment needed to be delayed for several months";
4. Whether the Bankruptcy Court erred "by not allowing the [Appellees] to do a cost benefit analysis when it appeared that it would exceed 1/3 the cost to oppose the suit";

5. Whether the Bankruptcy Court erred “by allowing ECMC to file a late request for party substitution”;
6. Whether the Bankruptcy Court erred “by allowing the [Appellees] to reopen [Appellant’s] Chapter 7 case to file their late proof of claims . . .”;
7. Whether the Bankruptcy Court erred by not ordering ECMC’s counsel to redact all of Appellant’s personal identifying information and by denying Appellant’s motion for sanctions;
8. Whether the Bankruptcy Court erred by dismissing “several parties from the suit”;
9. Whether Judge Magner erred by denying Appellant’s motion to recuse her;
10. Whether the Bankruptcy Court erred by not ordering Appellees “to state with clarity any straightforward evidence that would resolve or settle the dispute in question”;
11. Whether the Bankruptcy Court erred by “not allowing [Appellant’s] subpoenas to be fulfilled . . .”;
12. Whether the Bankruptcy Court erred by denying Appellant’s “Motion to Determine Defendant’s Compliance and Right of Claim”; and
13. Whether Appellant presented enough evidence to support a hardship discharge or other discharge of his student loan debt.

(Rec. Doc. 12, at 2-3.) Despite listing the foregoing thirteen issues, Appellant only argues four issues in the Argument section of his brief. Appellant’s Argument section consists of issues 1, 3, 6, and 9 listed above. First, Appellant argues that Appellees failed to file formal or informal proof of claim until two years after Appellant’s Chapter 7 case was closed. Thus, Appellant claims that the Appellees waived their rights to any defenses. Second, Appellant argues that the Bankruptcy Court should have entered default judgments against USA Funds and Sallie Mae,

notwithstanding the fact that ECMC substituted in the stead of the improperly joined parties.

Third, Appellant contends that the Bankruptcy Court can only reopen a closed case to administer assets, accord relief to the debtor, or for “other cause.” Appellant argues that Appellees did not show “other cause” for reopening his closed Chapter 7 case. He implies that only the debtor can reopen a closed bankruptcy case. Fourth, Appellant argues that Judge Magner should have recused herself because her impartiality might reasonably be questioned. Appellant does not specify the grounds for disqualification or for Judge Magner’s alleged partiality. Appellant concludes by arguing that Appellees and student loan debt collectors are exploiting the working class and the poor.

In its brief, ECMC argues that only two issues are properly before the Court: “(1) whether the Bankruptcy Court erred in granting the Motion to Reopen Plaintiff’s Chapter 7 bankruptcy case and (2) whether the Bankruptcy Court erred in granting the Motion for Leave to File a Proof of Claim.” (Rec. Doc. 19, at 1.) Because Appellant did not file an appeal in his adversary proceeding, ECMC contends that the Court need not decide any issues arising from the adversary proceeding. Rather, because Appellant

filed an appeal in his Chapter 7 case, ECMC argues that only the issues arising from that case are before the Court.

Further, ECMC claims that the Bankruptcy Court did not abuse its discretion by reopening the Chapter 7 case. ECMC emphasizes that good cause for reopening the case existed. The reopening was for the limited purpose of filing proofs of claim in connection with the adversary proceeding. Moreover, ECMC argues that the Court did not abuse its discretion by allowing Appellees to file proofs of claim. ECMC points out that ECMC's late filing had no impact on the bankruptcy estate, the debtor, or any creditor because the case is a no-asset case. Finally, ECMC contends that Appellant's other arguments, even if properly before the Court, are without merit.

The Department echoes ECMC in its brief. First, the Department argues that only the two issues arising from the Chapter 7 case are properly before the Court. Further, the Department claims that Appellant failed to adequately brief the issues. Therefore, to the extent that the issues arising from the adversary proceeding are before the Court, the Department argues that Appellant waived the issues by failing to properly brief them.

Second, the Department contends that the Bankruptcy Court did not abuse its discretion by reopening the Chapter 7 case and

allowing Appellees to file proofs of claim. The Department argues that Appellees provided "other cause" for reopening the case. Specifically, the Department claims that allowing Appellees to file proofs of claim would establish their standing in the adversary proceeding and allow Appellant to obtain a "clean" hardship discharge against the correct creditors, which would bar other potential creditors from pursing Appellant for his debts. The Department also notes that Appellant failed to correctly identify it as a student loan creditor and omitted ECMC from his Chapter 7 petition. Further, the Department notes that creditors are not required to file a proof of claim in a no-asset Chapter 7 case. Finally, the Department argues that Judge Magner should not have recused herself and that the Court should affirm the Bankruptcy Court's final judgment denying Appellant a hardship discharge.

Appellant filed a reply brief. First, he argues that the issues stemming from his adversary proceeding are properly before the Court. Appellant contends that he filed an Amended Statement of the Issues and Designation of the Record on Appeal after receiving a final judgment in the adversary proceeding. (*See* Rec. Doc. 5.) Second, Appellant provides reasons for questioning Judge Magner's impartiality. He contends that she attended an American

Conference Institute meeting along with ECMC's counsel, Heather LaSalle Alexis. Further, Appellant contends that ECMC violated "ECMC Group's Code of Conduct." Third, Appellant argues that no creditors opposed the discharge and closing of the original Chapter 7 case. Further, he contends that the Bankruptcy Court should not have allowed Appellees to file proof of claims because no assets were available to be distributed to them. Appellant also argues that Appellees did not meet the five requirements for filing an informal proof of claim. Fourth, Appellant contends that the Bankruptcy Court should not have reopened his Chapter 7 case because Appellees did not provide "other cause" for doing so. Finally, Appellant criticizes the "creditability" of Appellees.

**LEGAL STANDARD & DISCUSSION**

This Court has jurisdiction over this case pursuant to Title 28, United States Code, section 158(a) and Federal Rule of Bankruptcy Procedure 8001. *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8001. The standard of review for a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2). Accordingly, the Court reviews the bankruptcy court's conclusions of law de novo, findings of fact for clear error, and mixed questions of law and fact de novo. *See In re Nat'l Gypsum Co.,* 208 F.3d 498, 504

(5th Cir. 2000). The Court reviews discretionary decisions for abuse of discretion. *Matter of Mendoza*, 111 F.3d 1264, 1270 (5th Cir. 1997). A bankruptcy court abuses its discretion when its ruling is based on "an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir.1995)).

Only two issues are properly before the Court: (1) whether the Bankruptcy Court erred by reopening the Chapter 7 case and (2) whether the Bankruptcy Court erred by allowing Appellees to file proofs of claims in the Chapter 7 case. Appellant attempts to argue issues arising from his adversary proceeding, but he never filed a notice of appeal in that case. "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002. "An appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken *only* by filing a notice of appeal with the bankruptcy clerk" in the appropriate time frame. Fed. R. Bankr. P. 8003 (emphasis added). Further, "the main bankruptcy case and adversary proceeding must be treated as distinct for the purpose of appeal. They have separate docket

numbers, separate issues, and separate parties." *In re Dietrich*, 490 F. App'x 802, 804 (6th Cir. 2012).

To appeal the final judgment in the adversary case, Appellant needed to file a notice of appeal within fourteen days of the issuance of the final judgment. He did not do so. Filing a notice of appeal is the exclusive way to raise the adversary proceeding issues in this Court. Appellant's attempt to raise these issues by filing an Amended Statement of the Issues and Designation of the Record on Appeal is unavailing. Thus, the Court may only decide the issues properly appealed—those arising from the reopening of the Chapter 7 case.

First, the Court must consider whether the Bankruptcy Court erred by reopening the Chapter 7 case. The Court reviews the reopening of the case, a discretionary act, for abuse of discretion. *See In re Endlich*, 47 B.R. 802, 804 (Bankr. E.D.N.Y. 1985). "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "A case may be reopened on motion of the debtor or other party in interest . . . ." Fed. R. Bankr. P. 5010. Motions to reopen bankruptcy cases are not subject to the one-year limitation of Federal Rule of Civil Procedure 60(c). Fed. R. Bankr. P. 9024. The Department moved to reopen the

case for the sole purpose of filing a proof of claim. The DOE noted that reopening the case would afford relief to the debtor because Appellant had requested that the parties file proof of his student loan obligation. The Bankruptcy Court granted the motion and reopened the case. After reviewing the law and the facts, the Court finds that the Bankruptcy Court's decision to reopen the case was not based on a clearly erroneous review of the law or of the evidence. Thus, it did not abuse its discretion by reopening the case.

Second, Appellant argues that the Bankruptcy Court erred by allowing Appellees to file proofs of claim in the Chapter 7 case. Appellant argues that Appellees waited too long to file their proofs. Further, Appellant claims that Appellees did not meet the five-step test for informal proofs of claim contained in *In re Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000). In a Chapter 7 no-asset case, creditors are not required to file proofs of claim. 11 U.S.C. § 501(a); Fed. R. Bankr. P. 2002(e); *Matter of Smith*, 21 F.3d 660, 663 (5th Cir. 1994) ("In a Chapter 7 no-asset case, the creditor has no obligation to file a proof of claim . . . .") In fact, the Notice of Creditors distributed in this case specified that creditors were not to file proofs of claim unless they received notices telling them to do so. Therefore, *Nikoloutsos* is

inapposite. In that case, the Fifth Circuit evaluated whether a creditor had timely filed a proof of claim and adopted a five-factor test for evaluating an informal proof of claim. *In re Nikoloutsos*, 199 F.3d. at 236. In this case, it is unnecessary to consider whether Appellees' proofs of claim met the *Nikoloutsos* test because the proofs were not filed late.

The Bankruptcy Court had the discretion to permit Appellees to file their proofs of claim in the Chapter 7 case. Both ECMC and the Department filed proofs of claims of non-dischargeable student loan debt. As the Appellees point out, filing the proofs of claim had no impact on the estate, the debtor, or the other creditors. ECMC notes that "[t]he proof of claim was filed merely to 'record' the debt as a response to a demand from [Appellant] and to provide prima facie evidence of the debt for purposes of the trial on the Adversary Proceeding." (Rec. Doc. 19, at 13.) After reviewing the law and facts, the Court finds that the Bankruptcy Court's decision to allow Appellees to file proofs of claim was not clearly erroneous. Thus, the Bankruptcy Court did not abuse its discretion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the bankruptcy court's *Final Judgment* is **AFFIRMED.**

New Orleans, Louisiana this 12th day of August, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT COURT